IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN HAROLD JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0282 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed a petition for a federal writ of habeas corpus challenging a June 9, 2006 prison disciplinary proceeding which took place at the Ramsey I Unit in Brazoria County, Texas, and resulted in a loss of 60 days previously accrued good time credits. At the time he filed this habeas application, petitioner was confined at the Dalhart Unit in Hartley County, Texas. It is the RECOMMENDATION of the undersigned United States Magistrate Judge that petitioner's federal habeas application be DENIED without prejudice.

I.
PROCEDURAL HISTORY

On June 9, 2006, the date of the disciplinary proceeding which petitioner challenges, petitioner was in respondent's custody pursuant to a conviction and sentence out of the 284th

Judicial District Court of Montgomery County, Texas:

| Offense | Sentence Date | Sentence |
|---|---|---|
| Burglary of a Habitation | April 25, 1994 | 30-year sentence |

Petitioner was also in respondent's custody for three (3) convictions and sentences out of the 232nd Judicial District Court of Harris County, Texas:

| Offense | Sentence Date | Sentence |
|---|---|---|
| Burglary of a Habitation | February 17, 1995 | 40-year sentence |
| Aggravated Robbery | February 17, 1995 | 40-year sentence |
| Aggravated Robbery | February 17, 1995 | 40-year sentence |

Petitioner's sentences out of Harris County were running concurrently with each other and with petitioner's 1994 Montgomery County 30-year sentence.

Petitioner was also in respondent's custody pursuant to a conviction and sentence out of the 359th Judicial District Court of Montgomery County, Texas:

| Offense | Sentence Date | Sentence |
|---|---|---|
| Escape | August 16, 1995 | 45-year sentence |

Petitioner's 1995 Montgomery County 45-year sentence was running concurrently with his 1994 Montgomery County 30-year sentence and his 1995 Harris County 40-year sentences.[1]

On May 19, 2006, petitioner was charged, in Cause No. 20060265860 with a Level 2, Code 15.0 prison disciplinary offense for the unauthorized buying, selling, exchanging or transferring of a commodity from an individual. On June 9, 2006, a prison disciplinary proceeding was held on these charges. After the hearing, petitioner was found guilty of the charged disciplinary offense.

---

[1] Petitioner's 1994 Montgomery County sentence began November 2, 1993. His 1995 Harris County sentences began May 3, 1994, and his 1995 Montgomery County sentence began July 19, 1995.

Punishment assessed included forfeiture of 60 days previously accrued good time credits.[2]

Petitioner filed a Step 1 grievance challenging the finding of guilt which was denied on June 28, 2006. Petitioner filed a Step 2 grievance which was denied August 10, 2006.

On October 3, 2006,[3] petitioner filed this federal habeas corpus application with the United States District Court for the Southern District of Texas, Galveston Division, said application being received and filed of record on October 10, 2006. This case was subsequently transferred to this division where petitioner was then in custody. Petitioner is currently confined in the Hughes Unit in Gatesville, Texas.

## II.
## GROUNDS

In his habeas application, petitioner contends :

1. There was no evidence to show petitioner committed the disciplinary offense of trafficking and trading;

2. Testimony of the charging officer established petitioner did not commit the charged disciplinary offense;

3. The hearing officer abused his discretion in stating he relied on charging officer's report and statement to find guilt when charging officer stated petitioner was not guilty of charged offense;

4. The hearing officer abused his discretion by investigating the case himself prior to the disciplinary hearing;

5. Counsel substitute falsified a witness statement;

6. Respondent has altered the disciplinary tape; and

---

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

      7.      The grievance procedure was inadequate to address issues raised.

On December 1, 2006, respondent filed an answer arguing petitioner's habeas application fails to state a claim for which federal habeas relief can be granted. Specifically, respondent argued petitioner was not eligible for mandatory supervision at the time of the June 9, 2006 disciplinary proceeding due to his 1995 convictions for aggravated robbery. On December 20, 2006, petitioner filed a reply in opposition to respondent's answer. On January 26, 2007, in response to this Court's Order, respondent filed a Supplemental Answer. On February 6, 2007, petitioner filed a reply opposing respondent's supplemental answer.

## III.
## ELIGIBILITY FOR MANDATORY SUPERVISED RELEASE AND LOSS OF GOOD TIME

Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir 1995). Therefore, in order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Here, petitioner lost 60 days previously accrued good time credits. At the time petitioner was alleged to have committed the disciplinary offense (May 19, 2006) and at the time of the disciplinary proceeding and finding of guilt (June 9, 2006), petitioner was confined and in respondent's custody serving all five (5) of his concurrent sentences. Both burglary of a habitation convictions and petitioner's conviction for escape were all offenses for which petitioner was eligible for release to mandatory supervision. At the time petitioner

committed his aggravated robbery offenses (May 2, 1994), however, prisoners serving a sentence for aggravated robbery were not eligible to be released to mandatory supervision. *See* Tex. Crim. Proc. art. 42.18 § 8(c)(11) (Vernon 1994). Consequently, at the time of his disciplinary offense and hearing, petitioner was eligible for release to mandatory supervision on three (3) of his sentences, but was not eligible for release to mandatory supervision on two (2) of his sentences, *i.e.*, those assessed for aggravated robbery. Petitioner's ineligibility for mandatory supervision on these two aggravated robbery sentences, running concurrently with petitioner's mandatory release eligible sentences, did not, as respondent argues, render petitioner ineligible for mandatory supervised release all together. Consequently, petitioner was eligible for mandatory supervised release and, thus, arguably has a liberty interest of constitutional expectancy of early release created by Texas's mandatory supervision scheme. Under the facts of this case, however, petitioner's liberty interest will not be established with any certainty until sometime in the future if, in fact, it is established at all. Consequently, the petition is premature and should be dismissed without prejudice.

## IV.
## AFFECT THE FACT OR DURATION OF CONFINEMENT

A federal habeas corpus action is only available to challenge the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Title 28 U.S.C. 2254 habeas actions challenging prison disciplinary proceedings must necessarily be premised upon a claim that the penalty imposed as a result of the proceeding delayed the petitioner's release under Texas's mandatory supervision law, *i.e.*, the sanction must extend the date for the petitioner's release on mandatory supervision. *See Malchi*, 211 F.3d at 956-57, 958. Such a challenge also must necessarily include the allegation that the petitioner was improperly denied good conduct credit that, if restored, would result in accelerated release from prison.

In this case, petitioner, eligible for mandatory supervised release on three (3) of his convictions, was sanctioned with the loss of 60 days previously accrued good time credits. Petitioner, however, cannot show the 60-day loss will inevitably affect the fact or duration of his confinement, or that reinstatement of the good time credits will inevitably entitle petitioner to a speedier release.[4]

Petitioner is currently serving one 30-year mandatory supervision ("ms") eligible sentence, two (2) 40-year ms-ineligible sentences, one 40-year ms-eligible sentence, and a 45-year ms-eligible offense.[5] Petitioner is obligated to serve these sentences either in custody, on parole or, as relevant to the mandatory release eligible sentences, on mandatory supervised release. A January 10, 2007 affidavit from TDCJ-CID provided by respondent reflects that petitioner would be granted release on his 30-year sentence on July 4, 2015 and would be released on his 40-year ms-eligible sentence on September 2, 2026 except for the fact that he will also be serving his two 40-year ms-ineligible aggravated robbery sentences. Since petitioner is not eligible for mandatory supervision on his 40-year aggravated robbery convictions, he must serve these sentences until May 3, 2034 unless he is granted parole prior to that date. Since petitioner has not been granted parole on those sentences, any "release" to mandatory supervision on his 30- and 40-year sentences would not result in petitioner's earlier release from TDCJ-CID custody since he would still be in respondent's custody on his 40-year sentences for aggravated robbery. Consequently, petitioner will remain in

---

[4]Because it is entirely speculative whether a prisoner will be released on parole, there is no constitutional expectancy of parole in Texas. *Malchi*, 211 F.3d at 957. Consequently, the effect of the loss of good time on parole eligibility or release to parole cannot support a constitutional claim.

[5]Petitioner appears to argue he is serving only his 45-year sentence for escape because his TDCJ-CID time sheet reflects his sentence of record as being 45 years. For an inmate serving two or more concurrent sentences, the inmate's "maximum term" is the longest of the concurrent sentences because this is the sentence that will keep him incarcerated for the longest amount of time. *Ex parte Ruthart*, 980 S.W.2d 469, 473 (Tex.Crim.App. 1998). The listing of petitioner's 45-year sentence as the sentence of record merely reflects petitioner's maximum term of incarceration, not that he is serving only that sentence.

custody on those aggravated robbery sentences until he is either paroled or discharges his sentences. Petitioner has failed to show how a "release" to mandatory supervision on his 30- and 40-year ms-eligible sentences would entitle him to accelerated release from physical custody. *Cf. Orellana v. Kyle*, 65 F.3d at 31.

The respondent's affidavit further reflects that, as of January 10, 2007, petitioner was scheduled for release on his 45-year ms-eligible sentence for his 1995 escape conviction on June 29, 2034, fifty-seven (57) days <u>after</u> the discharge date on petitioner's 40-year ms-ineligible sentences for aggravated robbery. Consequently, although improbable, it is "possible" petitioner <u>could</u> still be confined on the ms-eligible 45-year escape sentence after he discharges his ms-ineligible 40-year aggravated robbery sentences.[6] If petitioner was still in custody on the escape sentence when he discharges the aggravated robbery sentences, then the reinstatement of petitioner's forfeited good time credits <u>could</u> affect the duration of petitioner's confinement on his escape conviction/sentence.

Even though reinstatement of his 60-days good time credits <u>could</u> <u>possibly</u> affect petitioner's release on the escape offense, petitioner is not entitled to relief because it is impossible to determine at this point whether the loss of the previously accrued good time credits will, in fact, actually affect the duration of petitioner's confinement. Operation of events subsequent hereto may, <u>and</u> <u>in</u> <u>all likelihood</u> <u>will</u>, render petitioner's claims completely moot. The earning of additional good time credits between January 10, 2007 and the year 2034 will, in all probability, move petitioner's mandatory supervised release date on his escape conviction/sentence to a date <u>prior to</u> his May 3, 2034 discharge date on his aggravated robbery convictions. If that happens and petitioner is awarded mandatory supervised release on a new mandatory supervision eligibility date

---

[6]The undersigned notes there is no *de minimis* analysis for the effect of a Texas inmate's loss of previously-earned good time credit on his sentence. *Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007),

on his escape conviction, he would <u>not</u> be physically released from confinement to mandatory supervision prior to the completion of his sentences for aggravated robbery. Since petitioner would still be confined on the aggravated robbery sentences <u>after</u> any "release" to mandatory supervision on the escape sentence, reinstatement of any forfeited good time credits <u>would</u> <u>not</u> affect the duration of petitioner's confinement and petitioner has no liberty interest claim. Since the Court cannot determine if the loss of good time credits[7] will inevitably and actually result in petitioner's delayed release from confinement, the undersigned finds federal habeas relief should not be granted and that petitioner's habeas application should be denied without prejudice to petitioner refiling his habeas petition at a future time if he can establish the restoration of the 60 days good time credits will, in fact, result in his earlier release.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MARTIN HAROLD JONES be DENIED without prejudice .

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[7] Making the necessary assumption that the loss was the result of an unconstitutional disciplinary proceeding.

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).